COMMONWEALTH *vs.* RICHARD J. DUFFY. No. 93-P-232. MARCH 21, 1994. *Homicide. Practice, Criminal*, Instructions to jury, Deliberation of jury, Motion to suppress, Voluntariness of statement, Presence of police witness at prosecutor's table. *Intoxication. Jury and Jurors. Error*, Harmless. *Mental Impairment. Evidence*, Admissions and confessions. *Constitutional Law*, Admissions and confessions, Waiver of constitutional rights.

After fatally stabbing his girl friend seventeen times, the defendant walked into the East Boston police station and confessed to the crime. The defendant was convicted by a jury in the Superior Court of second degree murder.

On appeal, the defendant claims that the judge erred in limiting his definition of criminal responsibility to the charges of first degree and second degree murder in his response to a jury question and, thus, depriving him of a conviction of the lesser crime of manslaughter or an acquittal; in

denying his motion to suppress his statements to the police; and in allowing a police officer to sit at the prosecutor's table during the trial. We affirm the conviction.

1. *Jury question.* During his charge to the jury, the judge had instructed the jury that the Commonwealth had to prove the defendant was criminally responsible at the time of his act but had not defined the term, "criminal responsibility." During the jury's deliberations, the jury asked the judge for a definition of criminal responsibility. The judge responded by giving an accurate definition of criminal responsibility under *Commonwealth* v. *McHoul*, 352 Mass. 544, 546-547 (1967). Before doing so, however, he asked the foreman whether the question referred to his "instructions on diminished criminal responsibility reducing first-degree murder to a consideration of second-degree murder." The foreman responded in the affirmative. By prefacing his response with this question, the defendant contends that the judge committed prejudicial error because he restricted the jury's consideration of criminal responsibility to the difference between first and second degree murder and deprived the jury of consideration of a manslaughter verdict or an acquittal based on the *McHoul* standard. While we consider the judge's question to the jury improper and his response somewhat misleading, we deem any error harmless.

The adequacy of individual instructions to the jury must be considered in the context of the entire charge. *Commonwealth* v. *Gilchrist*, 413 Mass. 216, 218 (1992). This prevents "isolated misstatements or omissions" from becoming reversible error. *Commonwealth* v. *Owens*, 414 Mass. 595, 607 (1993). Here, the judge instructed the jury on the elements of first and second degree murder, voluntary and involuntary manslaughter, and the effect of mental impairment caused by alcohol, drugs, or mental defect on the proof of those crimes. Just prior to giving the disputed instruction, he reapprised the jury that the defendant's intoxication was relevant in determining whether the defendant possessed the specific intent to kill or to do grievous bodily harm or the requisite knowledge that there was a plain and strong likelihood that death or grievous bodily harm would befall the victim from his conduct. In view of those instructions to the jury and the judge's over-all charge, we do not think the jury was misled into believing that if the jury found the defendant was not criminally responsible they must return a verdict of second degree murder. The defendant's contention is not consonant with a realistic appraisal of the probable impact of the judge's response to the question upon the jury. *Ibid.*

2. *Motion to suppress.* The defendant filed a motion to suppress all statements made by the defendant to the police after the crime. He contended that his statements were not voluntary and that he had not made a knowing and voluntary waiver of his Miranda rights because of his level of intoxication and his low level of intelligence. There is, however, no per se rule holding statements given by individuals who suffer from mental impairment resulting from alcohol or mental disease to be inadmissible. *Com-*

monwealth v. *Vazquez*, 387 Mass. 96, 100 (1982). *Commonwealth* v. *Libran*, 405 Mass. 634, 639 (1989). A statement is inadmissible only if it would not have been obtained but for the effects of the confessor's mental impairment. *Commonwealth* v. *Libran, supra*. Here, the motion judge (who was also the trial judge) concluded that any mental impairment that the defendant suffered did not impede his ability to waive his Miranda rights or make a voluntary statement.

There was ample evidence to support this conclusion. While it is undisputed that the defendant had been drinking in the hours immediately before walking into the police station and spontaneously informing the desk officer that he had killed someone, there was evidence that he was able to walk without any trouble, was coherent, communicated accurate information to the police, and provided the police with directions to the scene of the crime. There was also evidence that he was conscious of the consequence of his actions when he stated to the detective who questioned him that he was wrong and deserved to be punished. Although there was evidence that the defendant possessed a below normal level of intelligence, there was no testimony that he was incapable of understanding his Miranda rights, which according to the evidence were read to him on at least three occasions — in fact at one point he stated he was aware of his rights without them being read to him. See *Commonwealth* v. *Daniels*, 366 Mass. 601, 606 (1975)("an adult with a diminished or subnormal mental capacity may make an effective waiver of his rights and render a voluntary, knowing and admissible confession"); *Commonwealth* v. *Wallen*, 35 Mass. App. Ct. 915, 917 (1993). There was also evidence presented that he had worked steadily during his adult life, including employment as an MBTA bus driver, and was employed by a dry cleaner at the time of the commission of this crime. There was absolutely no evidence that the police coerced the defendant into making the incriminating statements or that his will was overborne by the police. See *Commonwealth* v. *Medeiros*, 395 Mass. 336, 346 (1985). In fact, there was evidence that two of the three statements that the judge ruled admissible were unsolicited by the police. Based upon our review of the record, we conclude that the judge properly denied the motion to suppress.

3. *Witness seated at prosecutor's table.* The defendant asserts that it was reversible error for the judge to allow a police officer, who was the chief investigator in the case, to sit at the prosecutor's table during the trial. The prosecutor represented that the officer's presence was necessary because he had managed the case "from A to Z," and the prosecutor would be conferring with him constantly. In these circumstances, we do not deem the judge's allowance of the officer to be seated at counsel table an abuse of discretion. *Commonwealth* v. *Auguste*, 414 Mass. 51, 59-60 (1992).

*Judgment affirmed.*

*Stephen Hrones* (*Murray A. Kohn* with him) for the defendant.

Rescript Opinions.

*Austin J. Freeley*, Assistant District Attorney, for the Commonwealth.